P Fee Pd
✓ w/o NOD

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 2 7 2007
CLERK, U.S. DISTRICT COURT
By ______ Deputy

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a non-profit Washington corporation | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. |
| v. | § | 3-07CV0367-P |
| | § | |
| GARY LINDSEY, individually and in his official capacity as the Chief Deputy, Office of Detentions for Dallas County, SHERIFF LUPE VALDEZ, individually and in her official capacity as the Sheriff of Dallas County, and DALLAS COUNTY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Prison Legal News respectfully files this Original Complaint and will show:

### STATEMENT OF CLAIM

1. Plaintiff Prison Legal News brings this civil rights action for redress of violations of its rights to free speech and due process under the law, seeking injunctive and declaratory relief, as well as compensatory and punitive damages against Defendants, as appropriate.

2. Plaintiff complains Defendants have violated and continue to violate its constitutional rights under color of law and in violation of the First and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and the aforementioned federal statutory and constitutional provisions.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the events complained of occurred within this district.

PARTIES

5. Plaintiff Prison Legal News is a Washington non-profit IRS section 501(c)(3) corporation. It has offices in Seattle, Washington and Battleboro, Vermont.

6. Gary Lindsey is Chief Deputy of the Office of Detentions for Dallas County. He makes policies for the Dallas County Jail ("the jail") and oversees all operations at the jail. He is sued in his individual capacity for punitive, declaratory and compensatory damages, and injunctive relief. He is sued in his official capacity for declaratory, injunctive and compensatory relief.

7. Lupe Valdez is the Sheriff of Dallas County and is, in her official capacity, by law responsible for the operation of the jail as its chief administrative officer. She is the chief policy maker for the jail. She is sued in her individual capacity for punitive, declaratory and compensatory damages, and injunctive relief. She is sued in her official capacity for declaratory, injunctive and compensatory relief.

8. Dallas County is a political subdivision of the State of Texas. Dallas County is sued for injunctive, declaratory and compensatory relief.

STATEMENT OF FACTS

9. Prison Legal News publishes a monthly 48-page legal information magazine ("the publication") dealing with the rights of incarcerated individuals. The publication provides information about, e.g., court access, disciplinary hearings, prison conditions, excessive force, mail censorship, jail litigation, visitation, telephones, religious freedom, prison rape, and the death penalty. It has been published continuously since 1990. The publication is core protected speech, which is not objectionable on security or other grounds. Prison Legal News has approximately 5,600 subscribers nationwide, and nine subscribers who are currently incarcerated in the Dallas County Jail.

10. On March 31, 2006, Defendant Lindsey verbally issued a policy prohibiting inmates in the jail from possessing magazines or newspapers. The policy prevents Prison Legal News from delivering its publication to its subscribers incarcerated in the jail through the mail.

11. On February 6, 2007, Defendant Lindsey issued a written policy codifying his March 31 verbal policy. The new policy provides: "General population inmates are not allowed magazines or newspapers." Inmates may "receive through the mail ... soft back books or publications (not magazines) from publishers, publication supplier, or bookstores."

12. The jail's "Inmate Handbook," which was last updated in May 2005, still provides inmates may receive "books, magazines, or newspapers," if they are sent through the mail by the publisher. Prison Legal News and inmates at the jail received no notice of the policy change.

13. The new policy states the purpose for the change is to "eliminate clutter" in the jail.

14. Since creation of the new policy, Prison Legal News has been unable to have its publication received by inmates in the jail. The new policy prevents Prison Legal News from communicating with its subscribers in the jail.

15. Since the enactment of the new policy, issues of the publication have been destroyed upon receipt at the jail.

16. Prison Legal News did not receive any notice of the new policy from the jail that the publication was being summarily censored and destroyed. It did not receive any opportunity to contest the decisions preventing inmates at the jail from receiving its publication.

17. Prison Legal News has never received any notice from Dallas County that the publication was being censored and destroyed.

18. On July 20, 2006, one of Prison Legal News' subscribers, inmate Billy Allen, filed a grievance with the jail because he was not receiving the publication. He received a response on September 7, 2006, which read "newspapers and magazines are no longer allowed in the jail."

Mr. Allen's copy of the publication was destroyed before he was provided notice of the new policy. No notice was provided to Prison Legal News.

19. The new policy, developed, enacted and enforced by Defendants, deprives Prison Legal News of its constitutional rights of free speech and expression and its due process rights.

20. Defendants' new policy provides Prison Legal News with no alternative means of exercising its free speech and expression rights by receipt, possession and enjoyment of otherwise legal reading materials such as magazines and newspapers.

21. Accommodation of the free speech and expression and due process rights of Prison Legal News with respect to materials protected by the First and Fourteenth Amendments to the United States Constitution will not have significant impact at the Dallas County Jail.

22. Readily available alternatives exist to Defendants' current policy which, at a *de minimis* cost, could easily meet any legitimate or significant interests of Defendants and the jail without sacrificing the free speech and expression rights of Prison Legal News and the inmates.

CAUSE OF ACTION I: FREEDOM OF SPEECH AND EXPRESSION

23. Defendants' policy banning newspapers and magazines violates the free speech and expression rights of Prison Legal News secured by the First and Fourteenth Amendments to the Untied States Constitution.

24. Prison Legal News has a constitutionally-protected liberty interest in communicating with incarcerated individuals. This right is clearly established under existing case law.

25. Defendants' policy does not further any legitimate penological interest.

CAUSE OF ACTION II: DUE PROCESS OF LAW

26. Defendants' policy banning newspapers and magazines does not provide Prison Legal News with individualized notice that its free speech and expression rights are being

violated. No notice of the new policy was provided to Prison Legal News before the policy prevented the publication from reaching the inmates in the jail.

27. Prison Legal News has a right under the Fourteenth Amendment to receive notice and the opportunity to object when Defendants prevent its publication from reaching its subscribers. This right is clearly established under existing case law.

28. Defendants' failure to provide notice to Prison Legal News that its publication was being censored does not further any legitimate penological interest.

## DECLARATORY RELIEF

29. Plaintiff requests all appropriate declaratory relief to which they are entitled.

## INJUNCTIVE RELIEF

30. Plaintiff requests the Court grant appropriate relief enjoining Defendants from continuing to violate its free speech and due process rights.

## ATTORNEYS' FEES AND COSTS

31. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to recover attorneys' fees and costs.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff requests the Court:

A. Award punitive damages against all individual Defendants, in their individual capacities, as appropriate and allowed by law;

B. Award compensatory damages against all Defendants, jointly and severally;

C. Grant declaratory and injunctive relief under federal law, as set out in this Complaint;

D. Grant reasonable attorneys' fees, litigation expenses and court costs; and,

E. Grant all such other and further relief as appears reasonable and just, to which Plaintiff may be entitled.

Dated: February 23, 2007.

Respectfully Submitted,

Scott Medlock
State Bar No. 24044783
James C. Harrington
State Bar No. 09048500
Wayne Krause
State Bar No. 24032644

TEXAS CIVIL RIGHTS PROJECT
1405 Montopolis Dr.
Austin, TX 78741
(512) 474-5073 [phone]
(512) 474-0726 [fax]

ATTORNEYS FOR PLAINTIFF

P

RECEIVED
FEB 27 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** | **DEFENDANTS**

(b) County of Residence of First Listed Plaintiff Prison Legal News
(EXCEPT IN U.S. PLAINTIFF CASES)

ORIGINAL

County of Residence of First Listed Defendant Gary Lindsey, et al.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James Harrington, Texas Civil Rights Project, 1405 Montopolis Dr., Austin, Texas 78741 (512) 474-5073

Attorneys (If Known)

3-07CV0367-P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 42 USC §§ 1983 and 1988

Brief description of cause: Violations of free speech rights and due process under the law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 2/23/07

SIGNATURE OF ATTORNEY OF RECORD [signature: James C Harrington]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______