IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRISON LEGAL NEWS,** § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. |
| § | | 3:07-CV-0367-P |
| **GARY LINDSEY, et al.** § | | |
| Defendants. § | | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW Defendants Dallas County, Sheriff Lupe Valdez, sued in her personal capacity, and Chief Deputy Gary Lindsey, sued in his personal capacity, collectively "the Defendants," and submit their response to Plaintiff's motion for preliminary injunction.

**I.**

This civil rights action was filed by Plaintiff on February 27, 2007. At the same time, Plaintiff filed a motion for preliminary injunction. That motion was not accompanied by a brief as required by Local Rule of Practice 7.1(d) and was filed without conference, as required by Local Rule of Practice 7.1(b). It is the Defendants' contention that had the issue presented in this lawsuit been the subject of a conference with their counsel then the filing of the motion for preliminary injunction, and in fact this lawsuit, would have proved unnecessary, as evidenced by the Defendants' conduct once notified of the error in Sheriff's Department policy.

**Defendants' Response to Plaintiff's Motion for**
**Preliminary Injunction and Brief in Support-Page** 1

## II.

Defendant Dallas County was served in this action on March 6, 2007. Counsel for the Defendants received the summons and complaint on March 12, 2007. On that same day, Defendants' counsel sent a letter to Plaintiff's counsel asking for a list of subscribers to Prison Legal News ("the News") who the Plaintiff contends are or were in the Dallas County jail and had not been provided their copy of the News, along with the specific issue or issues of the News which each such subscriber should have received. The intent of this counsel was to immediately rectify any possible constitutional error by her clients by promptly providing inmates with copies of the News that they should have received, without regard to whether they did or did not actually receive them. This counsel has received no response to her letter of March 12, 2007.

Upon receipt of the complaint, this counsel also began an immediate investigation of what policy the Dallas County Sheriff's Department was then following with regard to magazines such as the News. Upon receipt of that information, the policy was immediately corrected to conform to constitutional standards. Counsel for the Plaintiff was notified of that change on March 16, 2007.

On March 19, 2007 the individual Defendants were served. On March 26, 2007 an answer was filed on behalf of all the Defendants.

At that point, counsel for the Defendants assumed the issues raised by the motion for preliminary injunction had been resolved. It was not until around April 3, 2007, when this counsel received a call from the Court's staff asking about the Defendants' response to the motion for preliminary injunction, that she learned the Plaintiff was still intent upon pursuing the motion for preliminary injunction. After receipt of the phone call from the Court, this counsel

sent an e-mail to all three attorneys listed on the docket sheet.  In response, **this counsel received her first correspondence from the Plaintiff.** What she received was an e-mail stating the Plaintiff's intent to pursue preliminary injunction, along with an attachment which reflected a settlement letter had been sent to counsel on March 19, 2007.  That attachment reflects the letter was to be sent to a fax number that is in fact this counsel's telephone number and the transmission sheet to this counsel's actual fax number contains the notation "check readability of transmitted page(s)."  Suffice to say that this counsel did not receive the letter of March 19, 2007 until April 3, 2007.

Upon receipt of the Plaintiff's March 19, 2007 letter, **which acknowledges the Sheriff Department's change in policy**, this counsel communicated her intent to present the offer of settlement to her clients at the next possible executive session of the Commissioners Court, which was April 17, 2007.

In the meantime, on April 6 the Plaintiff filed an advisory regarding its motion for preliminary injunction, with this Court.  That advisory basically put the motion on hold until after the Defendants responded to the Plaintiff's settlement offer.  On April 18, 2007 the Defendants responded by faxing an Offer of Judgment under Fed.R.Civ.P. 68 to Plaintiff's attorney, which Offer will also be sent by mail on April 19, 2007.

### III.

As this Court well knows, a preliminary injunction is an extraordinary remedy. <u>Mississippi Power & Light Co. v. United Gas Pipe Line Co</u>., 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the moving party must establish four factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will

result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). It is the Defendants' position that the extraordinary remedy of a preliminary injunction is not justified because the failure to grant the injunction will not result in irreparable injury to the Plaintiff.

There can be no dispute that the Defendants have already altered the policy of the Sheriff's Department regarding allowing inmates to receive publications such as the News. There can be no dispute that they did so as soon as their error was brought to the attention of their counsel, in fact within four days. By the Defendants' prompt response to this litigation, the Plaintiff now has all the relief sought by its February 27 motion for preliminary injunction. There should be little or no doubt that until this case is heard on the merits, that is, until there is decision as to whether damages should be awarded and whether this Court should act to permanently enjoin the Sheriff's Department (despite its change in policy), the Defendants will not change their policy from one that is constitutional to one that is not. Given the status quo as of March 16, 2007, no irreparable harm will result to the Plaintiff while this matter is being resolved as to all other issues.

### IV.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the Court deny Plaintiff's motion for preliminary injunction in its entirety.

                Respectfully submitted,

                CRAIG WATKINS
                DISTRICT ATTORNEY

                <u>/s/ Dolena T. Westergard</u>
                DOLENA T. WESTERGARD
                ASSISTANT DISTRICT ATTORNEY
                TEXAS BAR NO. 21219800
                FEDERAL SECTION
                FRANK CROWLEY COURTS BUILDING
                133 N. INDUSTRIAL BLVD., LB 19
                DALLAS, TEXAS 75207-4399
                (214) 653-3692
                (214) 653-2899 (FAX)

                ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Response was served on counsel for the Plaintiff by the electronic filing of this document.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
