UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a non-profit Washington corporation | § § § | |
| Plaintiff | § | CIVIL ACTION NO. |
| v. | § § | 8-07CV0367-P |
| GARY LINDSEY, et al. | § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' REPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Prison Legal News respectfully files this Reply to Defendants' Response to Plaintiff's Motion for Preliminary Injunction.

FACTS

Prison Legal News publishes a monthly 48-page legal information magazine ("the publication") dealing with the rights of incarcerated individuals. It has been published continuously since 1990, and is core protected speech, which is not objectionable on security or other grounds. Prison Legal News has approximately 5,600 subscribers nationwide, including subscribers who are currently incarcerated in the Dallas County Jail.

On February 6, 2007, Defendant Lindsey issued a written policy, stating: "General population inmates are not allowed magazines or newspapers." Lindsey's written order codified an earlier, unwritten policy censoring incoming mail in effect since March 2006. Plaintiff brought suit on February 27, 2007 because Defendants' policy violated its rights under the First and Fourteenth Amendments.

Prior to Plaintiff's Motion for Preliminary Injunction, Prison Legal News was unable to have its publication received by subscribers in the jail, or to communicate with those subscribers. Prison Legal News was also deprived of notice and the opportunity to be heard.

Defendants altered their unconstitutional policy on March 16, 2007, only *after* Defendants' counsel received the summons and complaint in this action. The new policy applies only to "magazines," not to newspapers or other materials protected by the First and Fourteenth Amendments. Moreover, the new policy does not define what constitutes a "magazine." It is unclear that Prison Legal News, which is printed on newsprint, would even qualify under the policy's limited exception to the general policy of censorship. Finally, the new policy contains no due process provision whatsoever, for either prisoners or publications such as Prison Legal News.

ARGUMENT

*1. Certificate of Conference Was Not Required for Plaintiff's Motion for Preliminary Injunction*

Plaintiff's motion for preliminary injunction sufficiently conformed to the Local Rules of Practice. As of February 27, 2007, when Plaintiff filed its motion for preliminary injunction, Defendants' counsel had yet to enter an appearance in this action. Consequently, Plaintiff was unable to confer with Defendants' counsel prior to filing its motion. Defendants, of course, are aware of this fact, but assert nonetheless that Plaintiff violated Local Rule of Practice 7.1(b) by filing its motion without conference.

*2. The Motion for Preliminary Injunction is Not Moot*

The United States Supreme Court has long held that a case is not moot simply because a defendant alters an illegal policy in response to the commencement of litigation. A party claiming mootness faces a "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start again." *Friends of the Earth v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000). "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Id.*, quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283,

289 (1982). This doctrine is intended to protect plaintiffs from defendants who "seek to evade sanction by predictable 'protestations of repentance and reform.'" *City News and Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 (2001), quoting *United States v. Oregon State Medical Society*, 343 U.S. 326, 333 (1952). "[A]n action for [a preliminary] injunction does not become moot merely because the conduct complained of was terminated, if there is a possibility of recurrence, since otherwise the defendant[s] would be free to return to [their] old ways." *Federal Trade Commission v. Affordable Media, LLC*, 179 F.3d 1228, 1232 (9th Cir. 1999), quoting *Allee v. Medrano*, 416 U.S. 802, 811 (1974). *See also Bean v. Independent American Savings Association*¸ 838 F.2d 739 (5th Cir. 1988) (upholding district court's issuance of injunction preventing foreclosure on real estate, even though the party seeking foreclosure had withdrawn the foreclosure postings at the time of the appeal). Nonetheless, Defendants suggest that Plaintiff's request for preliminary injunction should be denied because Defendants have altered their illegal policy. Defendants have done nothing to demonstrate that they will not return to their "old ways" and cannot hope to evade an injunction simply by temporarily changing their tune.

Defendants' supposed about-face is, at best, suspicious. Although Defendants' have professed a desire to remedy their constitutional violations, the new policy obviously fails to accommodate First Amendment rights. The new policy applies only to magazines; the general rule, in effect, is still one of exclusion and censorship. Conveniently, and not coincidentally, Prison Legal News classifies itself as a magazine, although Plaintiff has received no assurance that Defendants will not classify it as a banned "newspaper."

Moreover, Defendants' new policy contains no due process provision guaranteeing publications notice and the opportunity to be heard. Prison Legal News and other publications have a right under the Fourteenth Amendment to receive such notice and the opportunity to

3

object when Defendants prevent their publication from reaching their subscribers. *See, e.g., Prison Legal News v. Lehman*, 397 F.3d 692, 701 (9th Cir. 2005); *Jacklovich v. Simmons*, 392 F.3d 420, 433 (10th Cir. 2004). Prior to the commencement of legal action, Defendants did not hesitate to ban newspapers and magazines without providing them with individualized notice that their free speech and expression rights were being violated. Defendants demonstrated this willingness to violate Plaintiff's constitutional rights even though such blatant censorship did not further any legitimate penological interest. Even if the court accepts Defendants' argument that a preliminary injunction is inappropriate because of policy changes with respect to First Amendment claims, Defendants' policy still does not address Plaintiff's due process claims.

A federal court should grant a preliminary injunction when the movant has clearly carried the burden of persuasion on all four of the following prerequisites: (1) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted, (2) a substantial likelihood that Plaintiff will prevail on the merits, (3) the threatened injury to Plaintiff outweighs the threatened harm to the Defendants and (4) granting the preliminary injunction will not disserve the public interest. *See Mississippi Women's Medical Clinic v. McMillan*, 866 F.2d 788, 790 (5th Cir. 1989). Plaintiff satisfies each element necessary for a preliminary injunction.

## CONCLUSION

THEREFORE, Plaintiff Prison Legal News requests the Court grant Plaintiff's motion for preliminary injunction.

Dated: April 27, 2007.

>Respectfully Submitted,
>
>/s/ Scott Medlock
>Scott Medlock
>State Bar No. 24044783
>James C. Harrington

4

                State Bar No. 09048500
                Wayne Krause
                State Bar No. 24032644

                TEXAS CIVIL RIGHTS PROJECT
                1405 Montopolis Dr.
                Austin, TX 78741
                  (512) 474-5073 [phone]
                  (512) 474-0726 [fax]

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A true copy this document was sent to Assistant District Attorney, Dolena T. Westergard, 133 North Industrial Boulevard, LB 19, Dallas, Texas 75207-4399, via fax, 214-653-2899, on April 27, 2007.

                /s/ Scott Medlock
                Scott Medlock