# Exhibit O
# Affidavit of James Harrington

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a non-profit<br>Washington corporation<br><br>          Plaintiff<br>v.<br><br>GARY LINDSEY, individually and<br>in his official capacity as the Chief Deputy,<br>Office of Detentions for Dallas County,<br>EDGAR McMILLAN, individually,<br>UNKNOWN DALLAS COUNTY JAIL<br>GUARDS, individually and in their official<br>Capacities, SHERIFF LUPE VALDEZ,<br>Individually, and in her official capacity as<br>the Sheriff of Dallas County, and DALLAS<br>COUNTY<br><br>          Defendants. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>3:07-CV-0367-P |

**AFFIDAVIT OF JAMES HARRINGTON**
**IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR ATTORNEYS' FEES AND COSTS**

BEFORE ME, the undersigned authority, on this day personally appeared James C. Harrington, who being first duly sworn, deposes and says:

1. The facts to which I attest herein are from my personal knowledge, are true and correct, and I am competent to testify as to the same.

2. I am one of the counsel for Plaintiff in this case, and throughout the case have served as supervising attorney.

3. I make this affidavit in support of the motion for attorneys' fees on behalf of myself and the attorneys and law clerks in our office, the Texas Civil Rights Project, who worked on this case, pursuant to 42 U.S.C. § 1988.

Appendix p. 58

4. I am the Director and founder of the Texas Civil Rights Project (TCRP), and, as such, oversee and conduct the Project's litigation. TCRP is a tax-exempt non-profit foundation that attends to the civil liberties and civil rights of low-income Texans who cannot afford to employ counsel. TCRP maintains three offices in Texas: in Austin, San Juan, and El Paso. Our staff level is generally at twenty persons, depending on funding and financial resources.

TIME AND LABOR REQUIRED

5. Affixed to this affidavit as Attachment 1 is a summary of the fees and costs, incurred in this case. This affidavit is based on the contemporaneous time records of TCRP in this case and other business records and from an examination of the files and records of this case

6. Attachment 2 to this affidavit is a summary of the contemporaneous records our office kept with regard to the hours spent working on this case by me and the other attorneys and law clerks in our office who worked on this case.

7. I have examined closely the accountings of hours in Attachments 2, and know for a fact that they do not represent all the attorneys and law clerk hours invested in this case, omitting, for example, numerous interoffice e-mail exchanges and informal meetings with attorneys, staff, and law clerks regarding this case. Nor does Attachment 2 include time spent at weekly legal meetings reviewing this case as part of our active docket.

8. No hours are claimed here that are excessive, redundant, or otherwise unnecessary; all the hours were reasonably and necessarily expended for the ultimate successful result in this case, as indicated by the attached summary.

9. We have exercised careful and reasonable billing judgment, paying close attention to the mandates of the Texas Supreme Court in this regard. I know we did not bill for most of our brief in-house consultations and strategy discussions with me, other attorneys in the office, and

with the law clerks who assisted in the case. Nor did we bill for all the times that we talked with our clients about the case or communicated with them and each other through e-mail or personal conversations.

10.    The knowledge, experience, and expertise involved to complete the activities in this case are the same reasonable knowledge, experience, and expertise used by other attorneys in similar litigation.

### THE CUSTOMARY FEE

11.    Because of my thirty-four years' experience in the civil rights field and because I litigate all around Texas, I am very familiar with customary rates for lawyers who do civil rights work, according to the level of their experience and the work they do. It is my opinion that the rates I suggest here are customary for the attorneys indicated, respectively, and the time that we each performed the work outlined herein.

12.    Further, it is my opinion that all the hours that I claim for myself in this case, as well as those of TCRP lawyers and law clerks were customary, reasonable, and necessary for this case and its successful outcome.

13. I am sure the hourly rates I request in this case are the actual "market rate" for an attorney of my experience and knowledge, which, as of today, would be in the range of $400/hour. At the hearing on attorneys' fees in the state legislative redistricting case (*Mena v. Richards*) in 1992 in Edinburg, Texas, one of the attorneys in private practice, who was representing Hidalgo County, Travis Hiester, testified that $300/hour would be more appropriate than the $250/hour I requested, and received, in *Mena v. Richards*.

### COSTS

14. Plaintiff's counsel also incurred court costs of $1,158.43, itemized in Attachment 3.

SUMMARY

15.   I have prepared and reviewed Plaintiff's Motion for Attorneys' Fees and Costs, to which this affidavit is attached.  All the facts stated therein, as well as all the facts stated herein, are true and correct; and I am fully competent to testify as to the same.

16.   It is my opinion that the total sum of $29,556.00 is a reasonable, necessary, and customary amount for the attorneys' fees incurred by this case, as well as $1,158.43 in recoverable costs, as reflected by the summary in Attachment 1 to this affidavit.

_____
James C. Harrington

SUBSCRIBED AND SWORN to before me on September 28th, 2007.

CABRINI M. VIANNEY
MY COMMISSION EXPIRES
February 26, 2011

**ATTACHMENT 1**

**SUMMARY OF FEES AND COSTS**
***Prison Legal News v. Dallas County***


Attorney's Fees:           $29, 556.00

Costs incurred:            $1,158.43


Total:                     $30,714.43

| ATTORNEY | Scott Medlock |
|---|---|

| DATE | CASE | DESCRIPTION | TIME (hr) |
|---|---|---|---|
| 2/6/2007 | PLN | client re case | 0.5 |
| 2/8/2007 | PLN | client re case | 0.5 |
| 2/8/2007 | PLN | open records request to jail | 0.5 |
| 2/15/2007 | PLN | | 0.5 |
| 2/16/2007 | PLN | drafted complaint | 2.5 |
| 2/16/2007 | PLN | | 1 |
| 2/16/2007 | PLN | application for admission to practice in N. Dist. | 0.25 |
| 2/20/2007 | PLN | drafted complaint | 1 |
| 2/20/2007 | PLN | drafted motion for preliminary injunction | 1.25 |
| 2/21/2007 | PLN | worked on motion for preliminary injunction, affidavits | 5 |
| 2/21/2007 | PLN | reviewed local rules for N. Dist. | 0.5 |
| 2/22/2007 | PLN | JCH re complaint, motion for preliminary injunction | 0.25 |
| 2/22/2007 | PLN | complaint, motion for preliminary injunction | 1.5 |
| 2/22/2007 | PLN | wrote pro hac motion | 0.5 |
| 2/23/2007 | PLN | final on complaint, motion for preliminary injunction | 1 |
| 2/23/2007 | PLN | wrote press release | 1 |
| 2/27/2007 | PLN | wrote certificate of interested parties | 0.5 |
| 3/12/2007 | PLN | wrote service of process notice | 0.25 |
| 3/15/2007 | PLN | | 0.5 |
| 3/16/2007 | PLN | sworn in to N. Dist. | 0.5 |
| 3/16/2007 | PLN | wrote advisory to court re pro hac | 0.25 |
| 3/16/2007 | PLN | reviewed new jail policy | 0.25 |
| 4/5/2007 | PLN | client conference to discuss settlement possibilities | 2.50 |
| 4/6/2007 | PLN | advisory to court re PI | 0.50 |
| 4/9/2007 | PLN | previous settlement documents | 1.00 |
| 4/11/2007 | PLN | demand letter | 1.50 |
| 4/11/2007 | PLN | consent decree | 1.50 |
| 4/11/2007 | PLN | scheduling order | 1.00 |
| 4/23/2007 | PLN | to opposing counsel re R. 68 | 0.50 |
| 4/26/2007 | PLN | Reply to response to motion for PI | 0.50 |
| 4/27/2007 | PLN | Reply to response to motion for PI | 1.50 |
| 5/1/2007 | PLN | proposed scheduling order | 0.50 |
| 5/1/2007 | PLN | conferred with WK re scheduling order | 0.25 |
| 5/3/2007 | PLN | Scheduling Order | 0.25 |
| 5/15/2007 | PLN | with Paul Wright | 0.40 |

| Date | | Description | Time |
|---|---|---|---|
| 5/25/2007 | PLN | with Paul Wright re expert report | 0.50 |
| 6/4/2007 | PLN | discussed case with Ian P | 0.25 |
| 6/4/2007 | PLN | client | 0.25 |
| 6/5/2007 | PLN | initial disclosures | 0.30 |
| 6/6/2007 | PLN | expert designation, expert report, initial disclosures | 1.00 |
| 6/7/2007 | PLN | expert designation, expert report, initial disclosures | 0.25 |
| 6/7/2007 | PLN | left messages for criminal defense lawyers re long term jail inmates | 0.25 |
| 6/12/2007 | PLN | discovery requests to Dallas Co | 1.00 |
| 6/18/2007 | PLN | discovery requests to Dallas Co | 1.00 |
| 6/19/2007 | PLN | discovery requests to Dallas Co | 0.75 |
| 6/19/2007 | PLN | re discovery | 0.25 |
| 6/19/2007 | PLN | conferred with JCH re order on PI | 0.25 |
| 6/19/2007 | PLN | discussed case with Ian | 0.25 |
| 7/9/2007 | PLN | deposition notice for Lindsey | 0.75 |
| 7/17/2007 | PLN | meeting with JCH to discuss discovery plan | 0.25 |
| 8/6/2007 | PLN | to Westergard re discovery | 0.50 |
| 8/6/2007 | PLN | RFAs to Lindsey | 0.75 |
| 8/6/2007 | PLN | and emails to Paul Wright | 0.25 |
| 8/12/2007 | PLN | amended complaint and motion | 0.50 |
| 9/6/2007 | PLN | discussed case with WK | 0.25 |
| 9/7/2007 | PLN | with Paul Wright re Ds discovery responses | 1.00 |
| 9/7/2007 | PLN | with client (Barb Belen) | 0.25 |
| 9/7/2007 | PLN | affidavit for response to Ds discovery | 0.25 |
| 9/10/2007 | PLN | conferred with JCH re new PI | 0.25 |
| 9/10/2007 | PLN | discussed case with LeeAnn | 0.25 |
| 9/10/2007 | PLN | with Barb Belen re inmates not receiving mail | 0.25 |
| 9/10/2007 | PLN | affidavit for response to Ds discovery | 2.50 |
| 9/10/2007 | PLN | affidavit for new motion for PI | 0.75 |
| 9/11/2007 | PLN | response to Ds discovery requests | 1.00 |
| 9/11/2007 | PLN | with client, Paul Wright | 0.75 |
| 9/11/2007 | PLN | declaration of Wright for discovery responses | 1.00 |
| 9/11/2007 | PLN | discovery responses to Ds | 1.50 |
| 9/12/2007 | PLN | demand letter | 2.50 |
| 9/13/2007 | PLN | discussed demand letter with JCH | 0.25 |
| 9/13/2007 | PLN | demand letter | 0.50 |
| 9/13/2007 | PLN | with client, Barb Belen | 0.25 |
| 9/13/2007 | PLN | discovery responses to Ds | 0.50 |
| 9/19/2007 | PLN | with Barb Belen | 0.25 |
| 9/19/2007 | PLN | affidavit for Paul | 1.00 |
| 9/19/2007 | PLN | discovery responses | 1.00 |
| 9/19/2007 | PLN | motion for summary judgment | 2.00 |
| 9/20/2007 | PLN | Paul affidavit | 0.50 |
| 9/20/2007 | PLN | responses to D's discovery requests | 0.50 |
| 9/20/2007 | PLN | motion for summary judgment | 1.00 |
| 9/20/2007 | PLN | settlement status report | 0.25 |
| 9/20/2007 | PLN | with Barb Belen | 0.25 |

| | | | |
|---|---|---|---|
| 9/21/2007 | PLN | to Alfredo Bernal | 0.25 |
| 9/21/2007 | PLN | discovery responses | 1.50 |
| 9/21/2007 | PLN | with Barb Belen | 0.25 |
| 9/25/2007 | PLN | with witness, Alfredo Bernal | 0.25 |
| 9/25/2007 | PLN | wrote affidavit for Alfredo Bernal | 1.00 |
| 9/25/2007 | PLN | motion for summary judgment | 3.00 |
| 9/25/2007 | PLN | with client | 0.25 |
| 9/25/2007 | PLN | to witnesses | 0.25 |
| 9/26/2007 | PLN | to jail to get Joan Covici in to see witness | 0.30 |
| 9/26/2007 | PLN | motion for summary judgment | 1.25 |
| 9/27/2007 | PLN | motion for summary judgment | 1.50 |
| | | | |
| Total Attorney's Hours: | | | 71.75 |
| | | | |

| DATE | ATTY/LC | DESCRIPTION | TIME (hr) |
|---|---|---|---|
| 4/24/2007 | LC | Michelle: Meet w/SM re reply to respond to MPI | 0.25 |
| 4/24/2007 | LC | Michelle: Research re reply to response to MPI | 6 |
| 4/24/2007 | LC | Michelle: Begin drafting reply to D's response to MPI | 1.33 |
| 4/25/2007 | LC | Michelle: Research re reply to response to MPI | 2.25 |
| 4/25/2007 | LC | Michelle: Draft reply to D's response to MPI | 5.25 |
| 4/26/2007 | LC | Michelle: Draft reply to D's response to MPI | 1.5 |
| 4/26/2007 | LC | Michelle: Edit reply to D's response to MPI | 1.25 |
| 6/1/2007 | LC | Ian: Reviewed PLN file. | 1.5 |
| 6/4/2007 | LC | Ian: Researched File | 1 |
| 6/4/2007 | LC | Ian: First draft of initial disclosure | 2 |
| 6/5/2007 | LC | Ian: Second draft of initial disclosure | 2 |
| 6/5/2007 | | Ian: Designate Paul Wright as an expert. | 3 |
| 6/6/2007 | LC | Ian: Edited and added to Paul's expert report. | 2 |
| 6/6/2007 | LC | Ian: Notice of initial disclosures. | 1 |
| 6/6/2007 | LC | Ian: Scanned and bates stamped PLN docs | 1.5 |
| 6/7/2007 | ILC | Ian: Finalized and filed initial disclosure. | 2.5 |
| 6/8/2007 | LC | Ian: Worked on first draft of Discovery | 4 |

Appendix p. 65

| 6/11/2007 | LC | Ian: Worked on first draft of Discovery | 2.5 |
|---|---|---|---|
| 6/13/2007 | LC | Ian: Worked on second draft of Discovery | 6 |
| 6/15/2007 | LC | Ian: Phone call with Paul Wright to discuss past PLN cases | 0.5 |
| 6/18/2007 | LC | Ian: Worked on discovery for PLN | 2 |
| 6/19/2007 | LC | Ian: Contacted defense attorneys to get standing for PLN case | 0.25 |
| 6/19/2007 | LC | open records request to jail | 1 |
| 6/19/2007 | LC | Ian: PLN discovery | 0.5 |
| 6/28/2007 | LC | Ian: Sent out PLN disclosures. Also, filed notice of disclosure. | 0.5 |
| 7/30/2007 | LC | Drafted Deposition questions for Gary Lindsey | 4 |
| 7/31/2007 | LC | Spoke with Paul Wright for advice on depo questions | 0.5 |
| 7/31/2007 | LC | Second draft of deposition questions | 3 |
| 8/1/2007 | LC | Finished depo questions and copied relevant docs for depo | 1.5 |
| 8/2/2007 | LC | Gary Lindsey Deposition in Dallas | 10 |
| 8/6/2007 | LC | First draft of RFA's for Gary Lindsey | 4 |
| 8/6/2007 | | Second draft of RFA's for Gary Lindsey | 1 |
| 9/10/2007 | LC | LeeAnn: Lindsey deposition summary | 3 |
| 9/10/2007 | LC | LeeAnn: Read cases re: 1st Am damages | 1.5 |
| 9/12/2007 | LC | LeeAnn: Research 1st Am damages | 3 |
| 9/12/2007 | LC | LeeAnn: Reviewing PLN admissions, pleadings, inmate handbook | 1.5 |
| 9/13/2007 | LC | LeeAnn: Research memo 1st Am damages | 7 |
| 9/14/2007 | LC | LeeAnn: Motion for SJ | 5 |
| 9/17/2007 | LC | LeeAnn: Motion for SJ | 9 |
| 9/18/2007 | LC | LeeAnn: Motion for SJ | 7 |
| 9/20/2007 | LC | LeeAnn: Motion for SJ | 4.5 |
| 9/21/2007 | LC | LeeAnn: Motion for SJ | 6.5 |
| 24-Sep | LC | LeeAnn: Motion for SJ | 4 |
| 9/25/2007 | LC | LeeAnn: memo case summaries damages and injunction | 4 |
| 9/25/2007 | LC | LeeAnn: formating motion for SJ | 0.5 |
| 9/26/2007 | LC | LeeAnn: revising motion for SJ | 4.5 |
| 9/26/2007 | LC | LeeAnn: formating and appendix for motion for SJ | 4 |

Appendix p. 66

| | | | |
|---|---|---|---|
| 9/27/2007 | LC | LeeAnn: adding point citations, scanning docs for appendix, discovery | 6 |
| | | | |
| Total Law Clerks' Hours: | | | 146.58 |

11:05 AM

09/28/07

Accrual Basis

# Texas Civil Rights Project
## Class QuickReport
### January 1 through September 28, 2007

| Type | Date | Num | Name | Memo | Amount |
|---|---|---|---|---|---|
| **1TEXAS CIVIL RIGHTS PROJECT** | | | | | |
| **TCRP Program Costs** | | | | | |
| **3TCRP Litigation** | | | | | |
| **Case Legal Costs** | | | | | |
| **Prison Lgal News v Dallas Co.Jl** | | | | | |
| Check | 2/23/2007 | 2808 | U.S. District Clerk | Filing Fee - Prison Legal News v. Dallas County Jail | -375.00 |
| Check | 4/4/2007 | 12260 | Quill Corporation | Qtrly Copy Charges | -22.30 |
| Check | 4/10/2007 | 12294 | Scott Medlock | SM Travel - PLN v. Dallas Co. | -80.00 |
| Check | 4/10/2007 | 12294 | Scott Medlock | SM Travel - PLN v. Dallas Co. | -5.00 |
| Check | 4/25/2007 | 12338 | Pitney Bowes Purchase Power | Qtrly Postage Costs | -20.84 |
| Check | 4/25/2007 | 12338 | Pitney Bowes Purchase Power | Qtrly Postage Charges | -18.56 |
| Check | 7/16/2007 | 12627 | Pitney Bowes Purchase Power | Qtrly Postage Costs | -10.42 |
| Check | 7/16/2007 | 12628 | Quill Corporation | Qtrly Copy Charges | -45.60 |
| Check | 7/16/2007 | 12627 | Pitney Bowes Purchase Power | Qtrly Postage Costs | -31.26 |
| Check | 8/3/2007 | 12710 | Scott Medlock | SM Travel - Prison Legal News v. Dallas County | -13.97 |
| Check | 8/3/2007 | 12710 | Scott Medlock | SM Travel - Prison Legal News v. Dallas County | -162.00 |
| Check | 8/3/2007 | 12710 | Scott Medlock | SM Travel - Prison Legal News v. Dallas County | -3.00 |
| Check | 8/27/2007 | 2921 | Atkins-Baker, Inc | Deposition - Prison Legal News v Lindsey | -278.35 |
| Check | 8/28/2007 | 12820 | Quill Corporation | Qtrly Copy Charges | -26.50 |
| Check | 9/13/2007 | 12869 | Pitney Bowes Purchase Power | Postage Charges thru 08-31 | -15.63 |
| Check | 9/26/2007 | 19923 | Texas Cure | Courier Services | -50.00 |
| Total Prison Lgal News v Dallas Co.Jl | | | | | -1,158.43 |
| Total Case Legal Costs | | | | | -1,158.43 |
| Total 3TCRP Litigation | | | | | -1,158.43 |
| Total TCRP Program Costs | | | | | -1,158.43 |
| Total 1TEXAS CIVIL RIGHTS PROJECT | | | | | -1,158.43 |
| **TOTAL** | | | | | **-1,158.43** |

Appendix p. 68