UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRISON LEGAL NEWS, a non-profit Washington corporation | § § § | |
| Plaintiff | § | CIVIL ACTION NO. |
| v. | § | 07-367 (JSF) P |
| | § | |
| GARY LINDSEY, et al. | § | |
| Defendants. | § | |

**CONSENT DECREE AND SETTLEMENT AGREEMENT**

Plaintiff Prison Legal News ("PLN") and Defendants Gary Lindsey, Edgar McMillan, Lupe Valdez and Dallas County ("Defendants") agree this case will be dismissed on the following terms:

1.  For and in consideration of the provisions of this agreement, PLN settles with and releases Defendants, their officers, agents, employees, and departments, for any and all claims, damages and causes of action arising out of the claims described in case 07-367-P, which is the source of all settled claims; provided, however, that nothing in this settlement agreement and release shall be construed to prevent or limit PLN from moving to enforce the terms of this settlement agreement or bringing a new suit arising from the same conduct by Defendants occurring after the date of this decree.

2.  Defendants acknowledge that the magazine *Prison Legal News*, renewal notices for the magazine, book fliers ("catalogs"), and similar types of mail are permitted types of mail into all Dallas County correctional facilities, including, but not limited to, the Dallas County Jail (500 Commerce Street, Dallas, TX 75202), the George Allen Jail, Sterrett West Tower, Sterrett North Tower, Kays Detention Facility and Decker Detention Facility, regardless of the postal class by which the magazine, renewal notices for the magazine, book fliers ("catalogs"), and

similar types of mail are sent. Defendants agree that PLN can send its properly addressed magazine, renewal notices for the magazine, book fliers ("catalogs"), and similar types of mail to inmates in all Dallas County facilities, without proof of payment, registration by an inmate of his or her subscription, or any further requirements.

3. Defendants agree that PLN is an approved book distributor and/or vendor, and will provide written confirmation of this status to PLN within 30 days of entry of this decree. Books distributed by PLN are permitted mail at all Dallas County correctional facilities, regardless of the postal class by which the books are sent.

4. Nothing in this settlement agreement and release shall be construed to prevent or limit Defendants or their agents, employees and departments from continuing to review, reject, process and dispose of inmate mail for reasons of prohibited content. This reserves Dallas County's authority to review content for reasons such as security, safety, institutional discipline and to monitor criminal activity. When any mail is rejected due to its specific content, a violation notice will be provided to the sender within 15 days, as described below in paragraph 5.

5. PLN is entitled to receive notice of every mail rejection or undelivered item sent by PLN to an inmate in the jail, together with a statement or indication of the reason for rejection or non-delivery, regardless of the postal class by which the rejected piece of mail is sent. If the rejection or non-delivery is for non-content reasons such as address error or insufficient address, return of the envelope with indication of the reason written or stamped on the envelope is adequate. If the rejection is for content based reasons, PLN will receive a written explanation for why the content is non-compliant with Dallas County regulations within 3 business days of the rejection. The explanation will clearly explain the reason for the censorship and the party to whom PLN can direct an appeal of the censorship decision. The Dallas County jail mailroom

will hold the item during the pendency of any administrative appeals and deliver the item to the addressee if the appeal is decided in favor of the publisher and/or the inmate addressee.

6. Defendants will pay PLN $9,000 in damages, attorneys' fees and costs within 30 days of entry of this consent decree, payable to PLN's counsel, the Texas Civil Rights Project.

7. Nothing in this agreement will be construed to waive claims for incidents that have not yet occurred.

8. Notwithstanding the dismissal of this case, the Court shall retain jurisdiction over the case for purposes of enforcing this consent decree. PLN may not ask this Court to exercise that jurisdiction without first giving the Dallas County Commissioner's Court and the duly-elected Sheriff of Dallas County written notice of any alleged breach of this agreement and without giving the Dallas County Commissioner's Court and the Sheriff 15 days from receipt of such notice to correct the breach. Fifteen days after giving notice, PLN may move the Court to enforce this decree.

_____   10-29-07
Scott Medlock                     Date
State Bar No. 24044783
Attorney for Plaintiff, Prison Legal News


_____   Date 10-25-07
Dolena Westergard
State Bar No. 21219800
Attorney for Defendants